# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFERY PARKER,** | : No. 3:08cv372 |
| Plaintiff | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| **COMMONWEALTH FINANCIAL** | : |
| **SERVICES, INC.,** | : |
| **RECEIVABLES PERFORMANCE** | : |
| **MANAGEMENT,** | : |
| **TRANS UNION,** | : |
| **EQUIFAX INFORMATION SERVICES** | : |
| **LLC, and** | : |
| **BUDGET RENTAL CAR, d/b/a** | : |
| **AVIS BUDGET GROUP, LLC,** | : |
| Defendants | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Budget Rental Car's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises from plaintiff's dispute with various credit rating agencies over the contents of his credit report. Plaintiff alleges that the credit rating services failed to perform a reasonable investigation when plaintiff disputed his credit reports and falsely reported that plaintiff had failed to satisfy creditors. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶¶ 9, 14, 17, 20-22, 25). Plaintiff alleges that his ability to

obtain bank loans, utility service, rental cars and credit for satisfaction of debts has been harmed by the actions of the defendant credit bureaus.  (Id. at ¶¶ 10, 15, 18-19,  26, 28).  The actions of the credit agencies also caused the plaintiff embarrassment, mental anguish and inconvenience.  (Id. at ¶ 10).  Despite plaintiff's efforts to correct the mistaken information on the agencies' reports, his credit report continues to contain this information.  (Id. at ¶¶ 17, 18, 24-25).

On February 27, 2008, plaintiff filed the instant *pro se* complaint.  The complaint raises causes of action against the defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as well as claims under California law against Defendant Budget Rental Car.  On March 25, 2008, Defendant Budget Rental Car ("Budget") filed the instant motion to dismiss, and the parties briefed the motion.  Meanwhile, the plaintiff filed notices of voluntary dismissal against Defendants Equifax Information Services (Doc. 20), Receivables Performance Management (Doc. 21), Trans Union (Doc. 26) and Commonwealth Financial Services (Doc. 29).   After this round of voluntary dismissals, only Defendant Budget Rental Car remained as a defendant in the case.  The remaining parties then briefed the instant motion to dismiss, bringing the case to its present posture.

**Jurisdiction**

Because the case was originally brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, we have jurisdiction pursuant to § 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

2

Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

The remaining defendant in this case is Budget Rental Car. Plaintiff's complaint raises only one allegation against Budget. Budget, plaintiff alleges, refused to provide him with a rental car when he arrived in Florida on January 28, 2008, despite a reservation he had earlier made. (Complt. at ¶ 18). When he arrived at the rental counter, an agent informed plaintiff that Budget had run his credit report through the Equifax agency. (Id.). A message from Equifax allegedly gave plaintiff a "don't rent" rating and Budget refused plaintiff the car he had reserved. (Id.). Plaintiff had already contacted Budget to make a reservation and had been informed that he could pay with a debit card and a deposit. (Id.). Budget never informed him that his rental was contingent on a positive credit report. (Id.).

3

Instead, Budget simply denied him his rental, allegedly based on his Equifax report. (Id.). Plaintiff contends, however, that his Equifax report should not have contained any adverse information, and that he had a clean driving record, a past rental history with Budget and a reservation for the car. (Id.). Budget did not offer plaintiff any "reasonable explanation" for its refusal to rent him the car.

The only cause of action raised against Budget in the complaint is one under California law. Plaintiff does not make any allegations that Defendant Budget violated any provision of federal law, and the only federal law which he cites as providing grounds for his complaint is the Fair Credit Reporting Act. The preamble for that act notes that "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. ¶ 1681(a)(1). Accordingly, the Congress found that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. ¶ 1681(a)(4). The act is thus aimed at consumer reporting agencies, which Congress defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. ¶ 1681a(f).

A plaintiff who hopes to prevail in an action under most provisions of the Fair Credit Reporting Act "must prove initially that the defendants are consumer reporting agencies as defined by the Act." 451 F. Supp. 447, 448 (E.D. Pa. 1977). The statute provides a four-part definition of such an agency: "(1) The consumer reporting agency must act for monetary fees, dues, or on a cooperative non-profit basis; (2) it must regularly engage in whole or in part in gathering or evaluating information on consumers; (3) the purpose of such activity must be the distribution of information to third parties engaged in commerce; and (4) the agency must use a facility of interstate commerce to prepare or distribute the reports." Id. (quoting Porter v. Talbot Perkins Children's Services, 355 F.Supp. 174, 176 (S.D.N.Y. 1973)).

Here, plaintiff has not alleged that Budget was involved in a business of collecting credit information on consumers and reporting it to others. According to the complaint, Budget rented automobiles and used a credit report from Equifax to deny plaintiff his rental contract. Because Budget was not involved in collecting and disseminating information on plaintiff's credit status Budget is not a credit reporting agency within the meaning of the Act. Plaintiff has alleged only that Budget received information from Equifax and relied on it, despite a prior relationship between plaintiff and the company. Clearly, plaintiff's complaint is with the credit reporting agencies, and not Budget. Even if plaintiff had attempted to state a claim against Budget for violation of the Fair Credit Reporting Act, the fact that he alleges only that Budget used information from a consumer reporting agency means that plaintiff has no

5

cause of action under the act.

In his brief in opposition, plaintiff points to Section 1681n and 1681o of the Act, contending that those provisions expose "any person" who violates a provision of the Act to civil liability. See 15 U.S.C. § 1681n(a) (establishing that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for damages);15 U.S.C. § 1681o(a) (establishing that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for damages). Plaintiff is correct to assert that liability under the act is not limited only to credit reporting agencies. That liability is limited, however, to actions which violate the statute. See, e.g., Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1273 (9th Cir. 1990) (finding that civil liability could exist for an employer that obtained credit information under false pretenses in violation of 15 U.S.C. § 1618q); Podell v. Citicorp Diners Club, 859 F. Supp. 701, 706 n.3 (S.D.N.Y.1994) (finding that plaintiff had not asserted he had been denied credit on the basis of an unfavorable report and thus could not invoke 15 U.S.C. § 1618m, which requires that a party who uses a consumer report adversely against a party provide information on the agency making the report.).

Here, plaintiff does not allege any such violations, but simply complains that Budget would not rent him a car because it relied on information from Equifax. He does not contend that Budget obtained credit information under false pretenses,

6

disseminated plaintiff's credit information to anyone under false pretenses, failed to provide him with the source of the derogatory credit information and his right to contest it, or used that information for an improper purpose or in any way in violation of the Act.  Plaintiff has therefore not stated a claim that Budget violated any provisions of the statute in the way that the company used the information from Equifax.

The court thus finds that plaintiff's claim under the Fair Credit Reporting Act should be dismissed with prejudice.  Because Budget is not a credit reporting agency–and as a car rental agency it could never become one–it cannot be liable for any information contained in the report.  In addition, plaintiff could allege only that Budget failed to rent him a car; plaintiff therefore could not amend the complaint in order to state a claim for any violation of any other provision of the Act.  He has alleged that Budget provided him with information about the rating agency–Equifax–that it used to deny him a rental, as required by the Act.  Amendment would thus be futile, and we will dismiss the claim with prejudice.  See In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410,1434 (3d Cir. 1997) (holding that "[a]mong the grounds that could justify a denial of leave to amend are delay, bad faith, dilatory motive, prejudice, and futility."); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (holding that "'futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

7

Plaintiff also raises claims under California law against Defendant Budget Rental Car. Indeed, such claims appear to be the only ones raised explicitly against Budget. Plaintiff has settled his claims against all defendants except Budget. The court has dismissed plaintiff's federal claims–such as they are–against the remaining defendant. Thus, the only claims that remain in the case are state-law claims over which this court would ordinarily lack jurisdiction. If the federal claims in a case are dismissed prior to trial, the state claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, we will also grant Budget's motion to dismiss plaintiff's state-law claims.

**Conclusion**

For the above-stated reasons, we will grant Defendant Budget's motion to dismiss. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFERY PARKER,** | : No. 3:08cv372 |
| **Plaintiff** | : |
| | : (Judge Munley) |
| **v.** | : |
| | : |
| **COMMONWEALTH FINANCIAL** | : |
| **SERVICES, INC.,** | : |
| **RECEIVABLES PERFORMANCE** | : |
| **MANAGEMENT,** | : |
| **TRANS UNION,** | : |
| **EQUIFAX INFORMATION SERVICES** | : |
| **LLC, and** | : |
| **BUDGET RENTAL CAR, d/b/a** | : |
| **AVIS BUDGET GROUP, LLC,** | : |
| **Defendants** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 29th day of May 2008, Defendant Budget Rental Car's motion to dismiss the plaintiff's complaint (Doc. 13) is hereby **GRANTED**. Plaintiff's motion for oral argument (Doc. 31) is hereby **DENIED** as moot. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**